UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | |
|---|---|
| CHRISTINE DONNELLY, et al., | Civil Action No. 11-7019 (ES) (CLW) |
| Plaintiffs, | **REPORT & RECOMMENDATION** |
| v. | |
| OPTION ONE MORTGAGE CORPORATION, et al. | |
| Defendants. | |

**WALDOR, UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court by way of plaintiffs Christine Donnelly and Kevin Donnelly's ("Plaintiffs") motion to remand ("Remand Motion") the pending civil action to the Superior Court of New Jersey, Law Division, Hudson County.  (Dkt. Entry No. 7).  Defendant Sand Canyon Corporation, f/k/a Option One Mortgage Corporation ("Option One") opposes the Remand Motion.  No oral argument was heard, pursuant to FED. R. CIV. P. 78.  District Judge Salas referred Plaintiffs' Remand Motion to the Undersigned for Report and Recommendation. For the reasons set forth below, this Court respectfully recommends that the Remand Motion be DENIED.

**I.    BACKGROUND**

In brief, the history of this case is as follows.  On October 13, 2011, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County against five entities and two groups of unidentified persons and corporations:  Mortgage Tree Lending Corporation ("MTLC"), Option One, GRP Financial Services Corp. ("GRP"), W.J. Bradley

Mortgage Capital Corporation, NETCO, Inc. ("NETCO"), and fictitious John Does and ABC Corporations (sometimes collectively "Defendants"). (Dkt. Entry No. 1, Complaint ¶¶ 2-8 ("Compl.")).

Plaintiffs' Complaint arises from Plaintiffs entry into, and the subsequent conduct surrounding, Plaintiffs' mortgage loan from Defendant MTLC. Specifically, Plaintiffs are the owners of residential property located at 690 Devon Street, Kearny, New Jersey 07032. (Id. ¶ 1). Plaintiffs allege that in 2006, MTLC contacted Plaintiffs and solicited them to refinance their mortgage. (Id. ¶ 11). Plaintiffs agreed to refinance and allege that they bargained for a fixed rate loan, but were coerced at closing into an adjustable rate mortgage loan. (Id. ¶¶ 19-20). The closing of the subject loan took place on October 25, 2006. (Id. ¶ 19). Plaintiffs allege that Defendant NETCO "upon information and belief was the title agency involved in the closing and settlement of the subject loan." (Id. ¶ 6).

On November 2, 2006, roughly one week after closing, MTLC assigned the mortgage note to Option One. (Id. ¶ 32). Plaintiffs made the first two mortgage payments to Option One in accordance with the mortgage note. (Id. ¶ 34). Despite timely payment, Plaintiffs allege Option One commenced a foreclosure action to be filed against Plaintiffs in April 2007. (Id. ¶ 37). Plaintiffs, in an attempt to repair the situation, began negotiations with Option One and GRP toward a forbearance agreement. (Id. ¶ 38). The parties entered into such an agreement in April of 2008. (Id. ¶ 40). Plaintiffs allege that, notwithstanding their compliance with the forbearance agreement, Option One proceeded to a final judgment against Plaintiffs in the foreclosure action on July 15, 2008. (Id. ¶¶ 45-47). Thereafter, Defendants Option One and GRP began sheriff's sale proceedings against the Kearny property. (Id. ¶ 59). On September 8,

2009, a sheriff's sale took place. (Id.) On September 24, 2009, the Sheriff of Hudson County issued a sheriff's deed to Defendant GRP. (Id. ¶ 60).

Plaintiffs' Complaint alleges the following causes of action: violations of the New Jersey Consumer Fraud Act, violations of the New Jersey Home Ownership Security Act, common law fraud, unconscionability, unjust enrichment, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and predatory lending. Option One received service of the Summons and Complaint by mail on November 1, 2011. (Dkt. Entry No. 1, ¶ 4).

On December 1, 2011, Defendant Option One filed a Notice of Removal, removing the pending state court action to this Court, pursuant to 28 U.S.C. § 1446, *et seq.* (Dkt. Entry No. 1). In its removal petition, Option One asserts that this Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Id. ¶ 5). Option One further claims that it timely removed the action, within thirty days of the receipt of the Summons and Complaint, pursuant to 28 U.S.C. § 1446. (Id. ¶ 4).

On December 28, 2011, Plaintiffs filed the instant motion to remand the case to the Superior Court of New Jersey, Hudson County. 28 U.S.C. § 1447. In support of their Remand Motion, Plaintiffs dispute Option One's contentions that: (1) removal of this action was timely and (2) this Court has subject matter jurisdiction over this action. On January 23, 2012, Option One filed a brief in opposition. (Dkt. Entry No. 13, "Def.'s Opp. Br."). The Remand Motion was referred to the Undersigned on March 5, 2012.

## II. DISCUSSION

### A. Standard for Remand

Removal of a state court action to federal court is proper only if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a)-(b); Hackensack Univ. Med. Ctr. v. Lagno, No. 06-687, 2006 WL 3246582, at *2 (D.N.J. Nov. 3, 2006). A party may seek to remand a civil action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). A party opposing remand must show that federal subject matter jurisdiction exists and removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)). Thus, in opposing a motion to remand based on lack of subject matter jurisdiction, the removing party, here Option One, bears this burden. In addition, removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand. Samuel-Bassett, 357 F.3d at 396; USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003) ("[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand.").

### B. Timeliness of Option One's Removal

Plaintiffs contest the timeliness of Option One's removal of this action. According to Plaintiffs, Option One was properly served with Plaintiffs' Summons and Complaint on October 27, 2011. (Remand Motion ¶ 4). Thus, Option One was statutorily required to remove the action on or before November 27, 2011. Alternatively, at a minimum, Plaintiffs state that Option One

likely received the Summons and Complaint via regular mail prior to November 1, 2011. (Id.). To that end, Option One's Notice of Removal dated December 1, 2011 only discussed the receipt of the certified mail but did not address the actual receipt of the Summons and Complaint. (Id.). Accordingly, as Option One did not file its notice of removal until December 1, 2011 – after the statutory period lapsed – remand is warranted. (Id. at ¶ 5).

In its opposition, Option One argues that its removal petition should be deemed timely filed because it was filed within thirty days after it received Plaintiffs' Summons and Complaint. (Def.'s Opp Br. at 8). Specifically, Option One received the Summons and Complaint on November 1, 2011 and filed the Notice of Removal on December 1, 2011. Although Plaintiffs argue that Option One received the Summons and Complaint prior to November 1, 2011, Plaintiffs have offered no proof of service or other evidence to support this position. The existing record, therefore, provides no sufficient basis to argue that removal was untimely. (Id.).

To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty (30) days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty day limitations period for removal is mandatory and cannot be extended by the court. See Galvanek v. AT & T, Inc., No. 07-2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007). The party seeking removal bears the burden of establishing that the notice of removal was filed in a timely manner. Rosebud Holding LLC v. Burks, 995 F.Supp. 465, 467 (D.N.J. 1998). Under 28 U.S.C. § 1447(c), a case may be remanded to state court on the ground of a defect in the removal procedure, including a failure to file a notice of removal within the thirty day limitations period. Galvanek, 2007 WL 3256701, at *2 (citing Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1212-14 (3d Cir. 1991)).

Here, the removal period was triggered when service was properly effectuated upon Option One, the removing Defendant. As stated by the Supreme Court, proper service is effectuated, for purposes of § 1446(b), upon actual receipt of service of the summons and complaint by the defendant. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service."). Plaintiffs argue that Option One was properly served with Plaintiffs' Summons and Complaint on October 27, 2011, the date Plaintiffs' counsel sent the Summons and Complaint via certified and regular mail. However, as Option One correctly notes, Plaintiffs provide no proof of service showing that Option One received process before November 1, 2011, the date on which Option One avers it was in actual receipt of the Summons and Complaint. See Wood v. Gold Coast Freightways, Inc., No. 08-3819, 2008 WL 5136611, at *2 (D.N.J. Dec. 5, 2008) ("to the extent Plaintiff is arguing Defendant did not timely remove the case . . . Plaintiff offers no proof of service."). Plaintiffs' statement is mere conjecture raised to rebut Option One's averments. This Court cannot - and will not - find removal was untimely on such an unsubstantiated record.

### C. Lack of Subject Matter Jurisdiction

District courts have original jurisdiction over matters in which the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332.[1]  In a removal matter, the defendant seeking to remove bears the burden of showing that diversity jurisdiction exists. Boyer, 913 F.2d at 111. The court "may demand" that the party asserting diversity jurisdiction establish "jurisdictional facts" by an evidentiary preponderance.

---

[1] The parties do not dispute that the amount in controversy amount is met here.

See Frederico, 507 F.3d at 194 (quoting McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).  Additionally, the Court's inquiry must focus on facts that existed at the time the complaint was filed.  Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009); Wood, 2008 WL 5136611, at *2.

In support of their Remand Motion, Plaintiffs argue that there is a lack of complete diversity among the Plaintiffs and certain Defendants because Defendant NETCO, a corporation, and Roberto Tejeda, an individual defendant, who is an employee of Defendant GRP, are New Jersey residents.  (Remand Motion ¶¶ 10, 11).  In response, Option One argues complete diversity is not destroyed because:  (1) NETCO is not a New Jersey citizen and (2) Roberto Tejeda is not named in Plaintiffs' Complaint.  (Def.'s Opp. Br. at 5-6).  The Court will address each of Plaintiffs' arguments in turn.

      I.     NETCO

Option One contends that removal in this case was proper because corporate defendant NETCO is not a citizen of New Jersey.  In determining the citizenship of a corporation for diversity jurisdiction purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Until recently, the Third Circuit applied a "center of corporate activities" test to determine a corporation's "principal place of business," which looked to the corporation's day-to-day activities.  Kelly v. United States Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960). However, the Supreme Court resolved the conflicting interpretations of "principal place of business" among the Circuits by holding that the "nerve center" test governs.  Hertz Corp. v. Friend, 559 U.S. ----, 130 S.Ct. 1181, 1192, 175 L.Ed.2d 1029 (2010).  Therefore, all courts are now required to apply the "nerve center" test.  This test directs courts to look to "the place where

the corporation's high level officers direct, control, and coordinate the corporation's activities." Id. at 1192.  A corporation's nerve center will usually be "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings . . ." Id.  In establishing corporate citizenship, the removing party bears the burden of proof and must support its allegations with competent proof.  Id. at 1194-95.

Here, in their Remand Motion, Plaintiffs contend that NETCO was "formed and located in New Jersey at the time the cause of action arose and continued to do business in New Jersey thereafter." (Remand Motion ¶ 10).  Additionally, in Plaintiffs' Complaint, Plaintiffs allege that NETCO is "located at 10 Sylvan Way, 1st Floor, Parsippany, New Jersey, 07054." (Compl. ¶ 6).  Option One disputes these contentions.  Specifically, Option One has submitted an affidavit from Mr. Patrick Dignam, General Counsel of NETCO, stating that "NETCO is a corporation that was formed in the State of Illinois.  It is not a New Jersey corporation." (Dkt. Entry No. 13, Ex. C, ¶ 2).  Furthermore, "NETCO's main office and principal place of business is located at 300 West Adams Street, Suite 435, Chicago, Illinois 60606 where its executives and center of operations are located and has been located . . . since about 2010." (Id. ¶ 3).

The facts alleged in Plaintiffs' Remand Motion fail to establish that NETCO is a New Jersey citizen.  As noted above, Plaintiffs state in their Remand Motion that NETCO was "formed and located in New Jersey at the time the cause of action arose and continued to do business in New Jersey thereafter." (Remand Motion ¶ 10).  However, NETCO was neither formed in New Jersey nor has its principal place of business in this State.  (Dkt. Entry No. 13, Ex. C., ¶¶ 2-3).  Instead, Mr. Dignam has represented that NETCO's operations are controlled and coordinated in its main office in Chicago, Illinois.  Additionally, NETCO's executives – *i.e.,*

its high level officers – center their operations in Chicago, Illinois. (Id.). Option One has thus demonstrated that NETCO's principal place of business is Illinois. Plaintiffs offer nothing to rebut or impugn this showing and the Court has no reason to believe Mr. Dignam's representations are false. In sum, Option One has established by a preponderance of the evidence that NETCO was neither incorporated in New Jersey nor has a principal place of business here. See Frederico, 507 F.3d at 195. Option One thus satisfies the requirements for diversity as to this entity. See 28 U.S.C. § 1332(c)(1).

  II.  Roberto Tejeda

Next, for the first time in their moving papers, Plaintiffs introduce an "individual defendant, Roberto Tejeda, who is an employee of Defendant GRP Financial and upon information and belief is a New Jersey resident." (Remand Motion ¶ 11). Mr. Tejeda allegedly negotiated the loan modification documents at issue on behalf of GRP. (Id. ¶ 12). Plaintiffs state that Mr. Tejeda was omitted inadvertently and, with the Court's permission, seek to amend their complaint to add Mr. Tejeda. (Id. ¶ 11). However, Third Circuit law establishes that in conducting a jurisdictional analysis, a district court must focus on the plaintiff's complaint *at the time the petition for removal was filed*. See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (when "[r]uling on whether an action must be remanded to the state court . . . the district court *must consider the complaint at the time the complaint was removed*."). That is to say, the *complaint* is the seminal document. Faltaous v. Johnson and Johnson, No. 07-1572, 2007 WL 3256833, at *8 (D.N.J. Nov. 5, 2007) ("Plaintiff's complaint broadly defines the proposed class and plaintiff cannot change it willy nilly."). Here, when Option One removed this action to the district court, Mr. Tejeda was not a named defendant in Plaintiffs' Complaint. Therefore, the Court will not consider his citizenship in determining

whether complete diversity exists between Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all *named plaintiffs* and all *named defendants* . . .") (emphasis added). Accordingly, because Mr. Tejeda is merely a *prospective party* in this action, his presence does not destroy diversity.[2]

### III.   CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiffs' Remand Motion be **DENIED**. Pursuant to L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from receipt hereof to file and serve objections.

s/Cathy L. Waldor
**Cathy L. Waldor, U.S.M.J.**

---

[2] Option One also argues that Plaintiffs improperly fraudulently joined Mr. Tejeda for the sole purpose of defeating diversity jurisdiction. (Def.'s Opp. Br. at 7). Fraudulent joinder for the purpose of defeating diversity is "an exception to the requirement that removal be predicated solely upon complete diversity." In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006). "[J]oinder is fraudulent when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court . . . ." Id. at 217 (internal citations omitted). Option One bears the burden to demonstrate fraudulent joinder. However, because Mr. Tejeda was absent from the Complaint when Option One filed its notice of removal, the Court need not determine whether Option One has met this burden.