<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE DONNELLY AND KEVIN J. DONNELLY, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| OPTION ONE MORTGAGE CORPORATION, *et. al.*, | : <br> : <br> : |
| Defendants. | : <br> : |

**Civil Action No.: 11-7019 (ES)**

<u>**OPINION**</u>

<u>**Salas, District Judge**</u>

**I.      Introduction**

Pending before this Court is a motion filed by Option One Mortgage Corporation, n/k/a Sand Canyon Corporation, ("Option One" or "Defendant") to dismiss Christine and Kevin J. Donnelly's (collectively, "Plaintiffs") Complaint, (D.E. 1)[1], pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).  (D.E. 18).  The Court has jurisdiction under 28 U.S.C. § 1332(a).  The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides the matter without argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court grants Defendant's motion.

**II.      Background**

Plaintiffs allege that in 2006, Defendant Mortgage Tree Lending Corporation ("MTLC") approached them to refinance their mortgage on a residential property located at 690 Devon

---

[1]  As requested by the Court, Plaintiffs re-filed their complaint to correct an inadvertent docketing error.  (*See* D.E. No. 37).  Although the re-filed version appears as an "Amended Complaint" on this Court's docket, (*see* D.E. No. 41), there is, in fact, only one operative complaint.  (*See* D.E. No. 1-1, Ex. 1; D.E. No. 18-2).

Street, Kearny, New Jersey.  (Compl. ¶¶ 1, 11).  Despite being up-to-date on their mortgage payments, Plaintiffs entered into negotiations with MTLC.  (*Id.* ¶¶ 12-13).  Plaintiffs requested a loan with a fixed interest rate and monthly payments not exceeding $2,300.  (*Id.* ¶ 14).  MTLC, "in conjunction with" Option One, offered an adjustable interest rate loan with monthly payments of "more than $2,700."  (*Id.* ¶ 16).  MTLC explained that the loan would pay off the previous mortgage, that Plaintiffs would default if they failed to refinance, and that the loan could be further refinanced six months after execution.  (*Id.* ¶¶ 17-18).

On October 25, 2006, the parties met in Plaintiffs' home to close on a mortgage to secure a $323,000 note payable to MTLC.  (*Id.* ¶¶ 19, 23).  Plaintiffs were "not advised to retain an attorney for the transaction."  (*Id.* ¶ 23).  Plaintiffs allege that the refinanced mortgage did not meet any of their stated specifications, nor was it necessary to stave off default or foreclosure on any existing mortgage.  (*Id.* ¶¶ 24-26, 31).  Plaintiffs aver that their consent was secured because Defendant NETCO, the settlement agent, did not furnish complete copies of the loan or closing papers.  (*See id.* ¶ 29).

On November 2, 2006, MTLC assigned the mortgage note to Option One.  (*Id.* ¶ 32).  Thereafter, "plaintiffs made the[ir] first two mortgage payments to . . . Option One in accordance with the mortgage note."  (*Id.* ¶ 34).  Option One placed the first payment into an escrow account rather than crediting it to the mortgage.  (*Id.* ¶ 35).  In other words, Option One "failed to properly credit [Plaintiffs'] payment."  (*Id.*).  The failure to properly credit that payment—and future payments—led "defendants Option One, GRP [Financial Services Corporation ("GRP")] [the broker for the loan], and/or John Doe" to conclude that Plaintiffs had defaulted on their mortgage.  (*Id.* ¶ 37).  Consequently, Defendants commenced with foreclosure proceedings in April 2007.  (*Id.*).  Plaintiffs claim that they received no notice of default until the foreclosure

action commenced.  (*Id.* ¶¶ 36-37).

In 2007, Plaintiffs contacted "Option One, GRP, and/or MTLC" and began negotiations on a Forbearance Agreement to prevent continuation of the foreclosure.  (*Id.* ¶ 38).  "Defendants Option One and GRP told the plaintiffs that they did not have to defend the foreclosure action."  (*Id.* ¶ 39).  As a result, "plaintiffs continued to make regular mortgage payments, as well as supplemental payment[s] to get current."  (*Id.*).

In April 2008, Plaintiffs entered a Forbearance Agreement with Option One and GRP.  (*Id.* ¶ 40).  The Forbearance Agreement was to govern the parties' relationship until February 2009.  (*Id.* ¶ 41).  The Agreement required an initial payment of $21,000 with monthly payments of $3,000.  (*Id.*).  Plaintiffs allege that they "made all [of the] payments" as required by the Agreement.  (*Id.* ¶ 45).  The "Forbearance Agreement [also] placed the Foreclosure Action in abeyance and prohibited . . . Option One from [pursuing foreclosure] during the pendency of the agreement."  (*Id.* ¶ 42).

Notwithstanding the terms of the Forbearance Agreement, Option One entered final judgment in the foreclosure proceeding on July 15, 2008.  (*Id.* ¶ 47).  Plaintiffs allege that Option One also "obtained a Writ of Execution against the plaintiff[s'] property . . . ."  (*Id.* ¶ 48).  Plaintiffs aver that Option One failed to serve them with either the Writ of Execution or a copy of the final judgment.  (*Id.* ¶¶ 48-49).

"At the conclusion of the Forbearance Agreement, the plaintiffs were prepared to resume making their regular monthly payments under the mortgage note. . . . [when] Defendants Option One and GRP again breached the Forbearance Agreement by informing the plaintiffs that . . . [they] were required to make a balloon payment of $21,000."  (*Id.* ¶¶ 52, 53).  According to Plaintiffs, "[n]o such . . . payment is stated in the Forbearance Agreement."  (*Id.* ¶ 54).

Furthermore, Plaintiffs "were financially unable to make [the $21,000 balloon] payment."[2] (*Id.* ¶ 56). As a result, on September 8, 2009, Option One and GRP commenced with sheriff's sale proceedings against Plaintiff's property and, on September 24, 2009, the Hudson County Sheriff issued a sheriff's deed to GRP. (*Id.* ¶¶ 59, 60).

In light of the preceding facts, Plaintiffs filed suit in New Jersey Superior Court on October 11, 2011 against Option One, MTLC, GRP, W.J. Bradley Mortgage Capital Corporation, NETCO, Inc., John Does No. 1-12, and ABC Corporations No. 1-10. On December 1, 2011, the suit was removed to this Court. Option One filed the instant motion to dismiss on February 16, 2012. (D.E. 18). The matter is now ripe for this Court's adjudication.

## III.    Legal Standards

### A.    Motion to Dismiss for Failure to Comply with Rule 9(b)

Option One seeks dismissal of Counts One and Two of Plaintiffs' Complaint on the basis that they fail to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b). Rule 9(b) imposes a heightened pleading requirement concerning allegations of fraud, including New Jersey Consumer Fraud Act claims, over and above that required by Rule 8(a). *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 U.S. Dist. LEXIS 79504, at *29 (D.N.J. July 21, 2011).

Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The intended purpose of the heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200

---

[2] The Court notes that "[by] March 2009, the plaintiffs had paid Option One approximately $70,000 toward[s] the mortgage note." (*Id.* ¶ 57).

(3d Cir. 2007) (internal quotations omitted); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). "To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. "Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (internal citation omitted); *Wiatt v. Winston & Strawn, LLP*, No. 10-6608, 2011 U.S. Dist. LEXIS 68827, at *53 (D.N.J. Jan. 27, 2011) ("The plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made.") (internal quotations omitted).

### B. Motion to Dismiss for Failure to State a Claim: Rule 12(b)(6)

Option One seeks dismissal of Counts Three through Eight of Plaintiffs' Complaint on the basis that they fail to state a claim under Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 440 n.1 (D.N.J. Dec. 6, 2010) (ruling that contradictory factual assertions on the part of defendants must be ignored). Courts must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining

whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.    Discussion

### A.    Count I—Violation of the New Jersey Consumer Fraud Act

In Count One, Plaintiffs allege that Option One, jointly with other Defendants, violated the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 *et seq.* ("NJCFA"), by making (1) "false promises and misrepresentations . . . concerning the material terms of the subject mortgage note . . . . [which] include, but are not limited to, false promises and misrepresentations about the amount of the monthly payments, interest rate, type of mortgage, and the cost of financing," and by making (2) "false representations about the terms and conditions of the Forbearance Agreement . . . ." (Compl. ¶¶ 78, 79).   Option One argues that Plaintiffs' allegations do not satisfy the pleadings requirements of Rule 9(b) because they fail to "allege acts specifically attributable to Option One," or "specify the content of the false promises and misrepresentations . . . ." (D.E. 18-3 ("Def. Moving Br.") at 8-9).   In opposition, Plaintiffs explain that the Complaint specifically attributes the "forbearance agreement scam" to Option One; and restate that "Option One provided defendant MTLC with incentives to obtain the refinancing . . . ." (D.E. 31 ("Pl. Opp. Br.") at 8, 10).

In order to establish a claim under the NJCFA, Plaintiffs must plead "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the loss." *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 165 (3d Cir. 2007); *Glass v. BMW of N. Am.*, No. 10-5259, 2011 U.S. Dist. LEXIS 149199, at *11 (D.N.J. Dec. 29, 2011) (same).   The Supreme Court of New Jersey has held that "the Act should be construed liberally in favor of consumers." *Cox*

- 6 -

*v. Sears Roebuck & Co.*, 647 A.2d 454, 461 (N.J. 1994). However, "breach of contract . . . is not per se unfair or unconscionable . . ." and "alone does not violate a consumer protection statute." *Id.* at 462 (citing *D'Ercole Sales v. Fruehauf Corp.*, 501 A.2d 990, 998 (N.J. Supp. Ct. App. Div. 1985)).

Claims brought under the NJCFA "are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b)." *Parker v. Howmedica Osteonics Corp.*, No. 07-2400, 2008 WL 141628, at *2 (D.N.J. Jan. 14, 2008). Accordingly, Plaintiffs must plead each NJCFA claim with the requisite specificity to "place the defendant on notice of the [unlawful] conduct for which it is charged." *Frederico*, 507 F.3d at 200.

Plaintiffs' claims under the NJCFA fail because (1) the allegations chronologically attributable to Option One sound only in breach of contract; and (2) the Complaint fails to ascribe particular fraudulent behavior to Option One.[3]

Plaintiffs claim that Option One made "false promises and misrepresentations" with regard to a variety of matters that occurred before the mortgage was executed on October 25, 2006. (*See* Compl. ¶¶ 19, 78). However, Plaintiffs concede that Option One did not become the assignee of the mortgage note until November 2, 2006. (*Id.* ¶ 32). Therefore, the sufficiency of Plaintiffs' pleading with regard to the initial mortgage transaction turns on the degree to which Option One was involved in that transaction. The Complaint describes the negotiation of the mortgage as between Plaintiffs and MTLC. (*Id.* ¶¶ 11-15). Plaintiffs then introduce Option One

---

[3] Plaintiffs attempt to cure these deficiencies in their Opposition Brief, claiming that Option One "deceived the plaintiffs into a forbearance agreement it did not intend to honor," which it then failed to honor, (Pl. Opp. Br. at 8), and that GRP and Option One are properly associated because "GRP was the broker and servicer for Option One." (*Id.*). When considering a motion to dismiss, the Court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Consequently, Plaintiff's attempt to supplement his Complaint, or cure the deficiencies contained therein, by proffering additional allegations in his Opposition Brief, is futile. *See Commonwealth of Pa ex. Rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted).

into the mortgage transaction in a conclusory manner, providing no explanation as to its specific role.  (*See id.* ¶ 16 ("At the closing, defendant MTLC in conjunction with defendant Option One, presented an adjustable rate loan. . . .")).  Indeed, Plaintiffs attribute the coercive statements that were purportedly made during the mortgage negotiation to MTLC alone.  (*See id*. ¶¶ 15, 17, 18).  Plaintiffs then assign those statements to Option One, claiming that Option One provided MTLC with "incentives" in order to "obtain . . . plaintiff's refinance and other mortgage notes . . . ."  (*Id*. ¶ 33).  However, the Court is unable to ascertain the factual basis upon which Plaintiffs allege that Option One was giving direction to MTLC.  To that end, Plaintiffs fail to sufficiently explain Option One's involvement in the initial transaction.  For that reason, the Court grants Option One's motion for dismissal under Rule 9(b) for Plaintiffs' NJCFA claims pertaining to events prior to November 2, 2006.

The Court next must determine whether Plaintiffs' NJCFA claim, with respect to the Forbearance Agreement, has been pleaded in conformance with the heightened pleading requirements of Rule 9(b).  Plaintiffs allege that Option One entered final judgment in the foreclosure action despite Plaintiffs' timely payments, in contravention of the Agreement.  (*Id*. ¶¶ 42, 47, 50).  Plaintiffs further allege that Option One demanded a balloon payment of $21,000, a term not contained in the Agreement.  (*Id*. ¶¶ 53, 54).  Defendant argues that the claim fails on two grounds: (1) the claim fails to satisfy Rule 9(b) because "[Plaintiffs] lump together Option One and GRP . . . with no specificity as to which defendant did what, and when."  (Def. Moving Br. at 10 n.6); and (2) Plaintiffs' claims "are not fraud allegations at all, but rather breach of contract allegations . . . ."  (*Id.* at 11).

The Court finds that Plaintiffs fail to plead a NJCFA claim with the requisite specificity imposed by Rule 9(b) for the following reasons.  First, Plaintiffs do not attribute any "unlawful

conduct" with regard to the Forbearance Agreement to Option One, *i.e.*, Plaintiffs' allegations sound in breach of contract.  (*See, e.g.*, Compl. ¶ 47 ("Surreptitiously and in breach of the Forbearance Agreement, defendant Option One entered final judgment against the plaintiffs . . . .")).  Second, for allegations that could conceivably sound in fraud, Plaintiffs fail to state what acts, if any, Option One committed.  Defendants correctly note that Plaintiffs do not plead circumstances "with sufficient particularity to give *each* defendant notice of the specific conduct for which Plaintiffs bring their claims."  (Def. Moving Br. at 8) (citing *Naparano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999)).  For example, Plaintiffs allege that Option One and Defendant GRP share responsibility for deceitful practices under the Agreement, but do not explain which party is responsible for what acts.  (*See, e.g.*, Compl. ¶ 55 ("Defendant GRP and Option One told the plaintiffs that they must make the balloon payment before they could resume the normal monthly payments . . . .")).  Plaintiffs' Complaint does not identify factual matter "injecting precision and some measure of substantiation into the fraud allegations" against Option One.  *See Lum*, 361 F.3d at 224.  Therefore, the Court dismisses Plaintiffs' NJCFA claims with regard to the Forbearance Agreement for failure to comply with the heightened pleading requirements of Rule 9(b).

### B.     Count II—Common Law Fraud

Plaintiffs next allege that Option One, jointly with all other Defendants, engaged in common law fraud through "misrepresentations . . . [that] caused plaintiffs to enter into the mortgage transactions."  (Compl. ¶ 84).

Defendant argues that this claim is "conclusory" and does not "identify any specific misrepresentations by Option One," and therefore "fails to satisfy Rule 9(b)."  (Def. Moving. Br. at 9).  Conversely, Plaintiffs contend that Option One "intentionally misrepresented its loan

product for the purpose of inducing the plaintiffs to accept something they did not want . . . ." (Pl. Opp. Br. at 11).  Plaintiffs further contend that Option One "misrepresented the terms of the [forbearance] agreement to the plaintiff . . . knowing that its statement was false, intending for the plaintiffs to rely on them . . . ."  (*Id.*).

The elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997).  Claims of common law fraud are subject to the pleadings standards of Rule 9(b), so at minimum, the "circumstances     constituting     fraud"     must     be     plead     with     sufficient     particularity. Fed. R. Civ. P. 9(b).

The Court concludes that Plaintiffs have failed to comply with the stringent pleadings requirements of Rule 9(b) for the following two reasons.  First, Plaintiffs' Complaint does not allege misrepresentation by Option One with any specificity.  For example, Plaintiffs generally contend that Option One "provided incentives" to the original lender to "obtain the plaintiff's reliance" in disregard of "established lending criteria."  (Compl. ¶ 33).  Thus, Plaintiffs offer no verification that Option One had a hand in the initial transaction.

Second, the Complaint does not identify the individual source of misrepresentation with any particularity.  In order to survive dismissal under Rule 9(b), Plaintiffs must identify the "who, what, when, where, and how" of the alleged misrepresentation.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1422; *see also DiMare v. Metlife Ins. Co.*, 369 F. App'x 324, 330 (3d Cir. 2010) (finding that a fraud claim fails under Rule 9(b) because it "fails to disclose the identity of the person who made the allegedly fraudulent misrepresentations"); *Klein v. Gen.*

*Nutrition Co., Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) ("The complaint fails to attribute the statement to any specific member of GNC management.  [Rule 9(b)] requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements.").   The particularity standards may be relaxed in circumstances where a plaintiff cannot know the identity of the fraudulent actor.  *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d. Cir. 1989).  In such circumstances, however, plaintiffs must "allege that the necessary information lies within defendants' control, and their allegations must be accompanied by a statement of facts upon which the allegations are based."  *Id*.  In this case, Plaintiffs neither detail any interactions that might otherwise form the basis of a fraud claim, *see In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1422; *DiMare*, 369 F. App'x at 330, nor do they allege that the information necessary to plead a claim for fraud is solely within Option One's control.  *See Craftmatic Sec. Litig.*, 890 F.2d at 645.  Therefore, the Court finds that Plaintiffs fail to adequately plead a claim for common law fraud.

## C.      Count III—Unconscionability

Next, Plaintiffs claim unconscionability, jointly against all Defendants, for "excessive fees and costs and overly onerous loan terms.  This includes but is not limited to the additional interest payments . . . and the closing costs to enter loans that these consumers did not understand and were defrauded into."  (Compl. ¶ 88).

In seeking dismissal, Defendant argues that unconscionability "is not a recognized independent affirmative cause of action in the State of New Jersey."  (Def. Moving Br. at 11).  In opposition, Plaintiffs contend that they have alleged a valid unconscionability claim because the terms of the mortgage note and Forbearance Agreement were "dictate[d]" by Option One, leaving Plaintiffs "no options regarding terms and conditions."  (Pl. Opp. Br. at 12).

"[C]ourts may refuse to enforce contracts that are unconscionable . . . ." *Saxon Constr. & Mgmt. Corp. v. Masterclean of North Carolina, Inc.*, 641 A.2d 1056, 1058 (N.J. Super. Ct. App. Div. 1994).   A claim for unconscionability requires two elements: "(1) unfairness in the formation of the contract, and (2) excessively disproportionate terms." *Sitogum Holdings, Inc. v. Ropes*, 800 A.2d 915, 920 (N.J. Super. Ct. Ch. Div. 2002).   To survive a 12(b)(6) motion, Plaintiffs must plausibly demonstrate "some overreaching or imposition resulting from a bargaining disparity between the parties, or such patent unfairness in the contract that no reasonable person not acting under compulsion or out of necessity would accept its terms." *Howard v. Diolosa*, 574 A.2d 995, 999-1000 (N.J. Super. Ct. App. Div. 1990).

The Court finds that this claim fails on two grounds.   First, in New Jersey, unconscionability exists as an independent cause of action only insofar as it "shield[s] against [the] enforcement of an unreasonable contract."   *Lind v. New Hope Prop., LLC.*, No. 09-3757, 2010 U.S. Dist. Lexis 36672, at *25 (D.N.J. Apr. 13, 2010) (quoting *Sitogum Holdings, Inc.*, 800 A.2d at 922 n.14).   Here, instead of using unconscionability as a shield from an unreasonable contract—and requesting rescission alone—Plaintiffs assert unconscionability as an affirmative claim for relief by requesting money damages *beyond and in addition to* rescission. (Compl. ¶ 91) (emphasis added).   Thus, Plaintiffs' claim of unconscionability fails as a matter of law.   Second, insofar as the Plaintiffs do seek rescission, the Complaint does not plead factual allegations sufficient to "raise a right to relief above the speculative level," *see Bell Atlantic Corp.*, 550 U.S. at 555, with regard to the Forbearance Agreement.   Plaintiffs allege that they were "defrauded" into the Agreement, but provide no factual assertions concerning improper formation of the Agreement.   (Compl. ¶ 88).   Nor do Plaintiffs indicate which specific terms within the Agreement are excessively disproportionate.   Accordingly, Plaintiffs have failed to

state a claim upon which relief can be granted.   Consequently, Plaintiffs' claim for unconscionability is dismissed.

### D.  Count IV—Unjust Enrichment

In Count Four, Plaintiffs allege that Option One, jointly with all other Defendants, was "unjustly enriched."  (Compl. ¶ 93).  Plaintiffs apparently base this claim on overpayments on the various mortgage instruments they allege were improperly secured and administered by Option One.  (*See id.* ¶¶ 19, 21, 22, 53, 54, 57, 58).  Option One argues that this claim fails as a matter of law because such a claim is inapplicable where parties have a contractual arrangement. (Def. Moving Br. at 12).  Plaintiffs posit that "all payments" were made under contractual obligations for which Option One "had no intention of abiding . . . ."  (Pl. Opp. Br. at 12, 13).  A contract secured under such circumstances cannot be held to govern the arrangement.  (*Id.*).

In order to state a claim for unjust enrichment, Plaintiffs must show that (1) the defendant received a benefit from the plaintiff; and (2) the defendant's retention of that benefit without payment would be unjust.  *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). Further, the Plaintiffs must show that they "expected remuneration from the defendant at the time [Plaintiffs] performed or conferred a benefit on [the] defendant and that the failure of remuneration enriched [the] defendant beyond its contractual rights."  *Id.*  Plaintiffs must plead that the defendant was enriched in a manner not governed by any enforceable contract.  *See, e.g.*, *Estate of Gleiberman v. Hartford Life Ins. Co.*, 94 F. App'x 944, 947 (3d Cir. 2004) ("Claims for unjust enrichment and the corresponding remedy, restitution, are only supportable when the parties' rights are not governed by a valid, enforceable contract."); *see also Minuto v. Genesis Advisory Servs.*, No. 11-3391, 2012 U.S. Dist. Lexis 44882, at *33 (Mar. 29, 2012) (showing that

the existence of a contractual relationship is antecedent to asserting enrichment beyond the bounds of such a relationship).

The Court finds that Plaintiffs have failed to state a claim upon which relief can be granted because they provide insufficient factual matter as to the content of their contractual relationship with Option One.   Specifically, Plaintiffs' assertions of overpayments are conclusory, and this Court cannot interpret the rights of the parties under either the mortgage note or the Forbearance Agreement from the face of the Complaint.[4]  Therefore, the Court cannot determine which, if any, transactions were not governed by the contracts.   Accordingly, the Court dismisses this claim under Rule 12(b)(6) for failure to properly allege that the asserted enrichment is beyond the scope of the contracts.

### E.      Count V—Breach of Fiduciary Duty

Plaintiffs next claim that Option One, jointly with other Defendants, owed a fiduciary duty to Plaintiffs and breached that duty through the "acts and omissions" set forth in the Complaint.  (Compl. ¶¶ 96, 97).  The Court reads the Complaint to allege that Option One breached a fiduciary duty with regard to the Forbearance Agreement.  Defendants argue that Plaintiffs have failed to state a cognizable claim because "a lender does not owe a fiduciary duty to a borrower, absent limited circumstances that are not present here."  (Def. Moving Br. at 12) (citations omitted).  Plaintiffs do not address this argument in their Opposition Brief, which Defendants cite as cause for "dismiss[al] for waiver . . . ."  (D.E. 32 ("Def. Reply Br.") at 4).

A party cannot generally "state a claim for breach of fiduciary duty based solely on the allegations . . . which reflect nothing more than a debtor-creditor relationship . . . ."  *Abulkhair v. Citibank & Assocs.*, 434 F. App'x 58, 63 (3d Cir. 2011).  Presuming a fiduciary duty between

---

[4] The Court notes that Plaintiffs did not attach either the mortgage note or the Forbearance Agreement to their Complaint.

creditors and debtors is counterintuitive to the necessarily oppositional nature of the transaction. *See Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988) ("It ordinarily would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table.") (internal quotations omitted).  Only limited "special circumstances" where the creditor "knows or has reason to know that the customer is placing his trust and confidence in the [creditor] and relying on the [creditor] so to counsel and inform him" may give rise to a fiduciary duty.  *United Jersey Bank v. Kensey*, 704 A.2d 38, 45 (N.J. Super. Ct. App. Div. 1997).  Such a circumstance may be present when "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance . . . . and concealed its self-interest in promoting the transaction involved."  *Id.* at 45-46.  A special relationship is not implied for "less egregious circumstances" to create a duty to "disclose information [lenders] may have concerning the financial viability of the transactions the borrowers were about to enter."  *Id.* at 46.  For the purposes of assigning a fiduciary duty, a mortgage lender is treated the same as any bank creditor.  *See, e.g.*, *Margulies v. Chase Manhattan Mortg. Corp.*, 2005 N.J. Super. LEXIS 383, at *6 (N.J. Super. Ct. App. Div. Nov. 7, 2005) ("[A]s a general rule there is no fiduciary relationship between a debtor and a creditor, *i.e.*, also a mortgagee and a mortgagor . . . .").

The Court grants Defendant's motion to dismiss because Plaintiffs do not plausibly plead the existence of a fiduciary duty.  According to the Complaint, the Forbearance Agreement included a clause that placed a stay on all foreclosure action.  (Compl. ¶ 42).  Option One then "told the plaintiffs not to defend the foreclosure complaint while the forbearance agreement was in effect."  (*Id.* ¶ 44).  Option One breached the terms of the Agreement and entered Final Judgment in the foreclosure action roughly six months before the Agreement was set to

- 15 -

conclude. (*Id.* ¶ 47). Accepting the factual allegations as true, the Complaint pleads a claim for breach of contract, not breach of a fiduciary duty. Plaintiffs argue that they relied upon Option One's counsel and ceased defending against foreclosure, and that this is an acceptable source of a fiduciary duty. Plaintiffs' argument is misplaced. In an adversarial debtor-creditor relationship, Option One should have no reason to believe that Plaintiffs were relying upon their legal counsel. Plaintiffs' allegations are insufficient to state a claim that Option One had a special relationship with the Plaintiffs from which the Court should read-in a fiduciary duty. Therefore, the Court grants the Defendant's motion to dismiss Count Five.

###    F.    Count VI—Breach of Good Faith and Fair Dealing

Plaintiffs next claim that Option One, jointly with all other Defendants, violated a covenant of good faith and fair dealing. (Compl. ¶¶ 100, 101). Defendants argue that the claim should be dismissed because the Complaint fails to allege the "essential element . . . that Option One (or any other defendant for that matter) acted maliciously, in bad faith, or with improper motive." (Def. Moving Br. at 14). Plaintiffs do not address this argument in their Opposition Brief, which Defendants cite as a reason for the dismissal of this Count. (*See* Def. Reply Br. at 4.)

Every contract entered into under the laws of New Jersey contains an implied covenant of good faith and fair dealing. *Kalogeras v. 239 Broad Ave., L.L.C.*, 997 A.2d 943, 953 (N.J. 2010). "The party claiming a breach of the covenant of good faith and fair dealing must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 864 A.2d 387, 396 (N.J. 2005) (quotations omitted). A plaintiff may be entitled to relief in an action under the

covenant if the defendant acts with ill motives and without any legitimate purpose to destroy the plaintiff's reasonable expectations.  *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001).  However, "bad motive or intention" is essential, and "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive."  *Id.*

In light of this precedent, the Court concludes that Plaintiffs have failed to adequately state a claim for breach of the implied covenant of good faith and fair dealing.  In this case, the Court finds Plaintiffs' allegations concerning Option One's motives to be nothing more than conclusory statements devoid of factual support.  For example, Plaintiffs allege that Option One acted "[s]urreptitiously" in entering final judgment in the foreclosure action.  (Compl. ¶ 47). Plaintiffs do not, however, provide facts explaining *how* or *why* Option One's actions should be viewed in that light.  Plaintiffs further allege "[u]pon information and belief," that Option One had constructive knowledge of misleading behavior, from which improper motives should be inferred.  (*Id.* ¶¶ 62, 64).  This allegation is similarly flawed because it is devoid of factual matter demonstrating how Option One had such knowledge.  Therefore, the Court finds that Plaintiffs have failed to proffer "plausible grounds to infer" bad faith, *Twombly*, 550 U.S. at 556, and this Court will not permit "an allegation of bad faith or unfair dealing . . . to be advanced in the abstract."  *Wilson*, 773 A.2d at 1130.  Accordingly, the Court dismisses Plaintiffs' claim for breach of good faith and fair dealing.

### G.   Count VII—Violations of the New Jersey Home Ownership Security Act ("NJ HOSA")

In Count Seven, Plaintiffs claim that Option One, jointly with all other Defendants, violated the NJ HOSA "by regularly participating in abusing predatory lending practices, such as the making of loans that are equity-based rather than income-based, and the financing of high points and fees that causes the loss of equity with each refinancing."  (Compl. ¶ 106).

- 17 -

Defendants argue that dismissal is warranted because: (1) "[i]nstead of alleging actual facts as to how Option One violated HOSA, Plaintiffs merely make allegations that parrot the language of the statute . . . ;" (2) Plaintiffs do not specify what portions of the Act were violated; and (3) the "Complaint fails to show that their mortgage loan is within HOSA's purview in the first place." (Def. Moving Br. at 15-17). Plaintiffs counter that their Complaint does, in fact, specifically allege that NJ HOSA applies to their loan. (Pl. Opp. Br. at 11). Plaintiffs cite to ¶ 20 of their Complaint, which they claim sufficiently alleges that the loan exceeds certain thresholds as set by the Act. (*See id.*). Defendants respond by explaining that ¶ 20 of Plaintiffs' Complaint makes no mention of NJ HOSA, but instead raises violations of the Federal Home Ownership and Equity Protection Act. (Def. Reply Br. at 2).

The Court concludes that dismissal is warranted for the following reasons. First, Plaintiffs' allegations amount to nothing more than "'a formulaic recitation of the elements of a cause of action[, which] will not do.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *compare* N.J.S.A. § 46:10B-23(a) ("One of the most common forms of abusive lending is the *making of loans that are equity-based, rather than income-based*. The financing of points and fees in these loans provides immediate income to the originator and encourages the repeated refinancing of home loans . . . . *[T]he financing of high points and fees causes the loss of precious equity in each refinancing and often leads to foreclosure*."), *with* (Compl. ¶ 106) ("The defendants . . . violated the NJ HOSA by regularly participating in abusing predatory lending practices, *such as the making of loans that are equity-based rather than income-based,* and the *financing of high points and fees that causes the loss of equity with each refinancing*.") (emphasis added). Therefore, the Court finds Plaintiffs' NJ HOSA claim to be facially insufficient. Consequently, the Court dismisses this Count of Plaintiffs' Complaint.

H.        **Count VIII—Predatory Lending**

Finally, Plaintiffs seek relief for "predatory lending" by Option One, jointly with all other Defendants.  (Compl. ¶¶ 110-117).  Plaintiffs claim that Option One (1) introduced "onerous" loan terms that Plaintiffs had little "capability to repay;" (2) "targeted the plaintiffs" because of their geographic and economic position; (3) "targeted the plaintiffs and others, including the elderly, minorities, and residents of neighborhoods that do not have ready access to credit;" and (4) took "advantage of the plaintiffs due to their lack of sophistication in the lending market." (*Id*. ¶¶ 111-116).  Defendant seek dismissal of this Count on three independent grounds: (1) predatory lending "is not an independent cause of action under state law;" (2) any cause of action for "activities associated with predatory lending" are included in claims plead under NJ HOSA; or (3) "Plaintiffs have not made any factual allegations sufficient to support such a claim."  (Def. Moving Br. at 17-19).  Plaintiffs counter that the claim should not be dismissed because they "should have the opportunity to establish the existence of a legally cognizable claim" under the umbrella of predatory lending.  (Pl. Opp. Br. at 14).  Defendant contends, in its Reply Brief, that the Plaintiffs' Opposition Brief does "not dispute that New Jersey does not recognize predatory lending as a cause of action," so the claim remains deficient.  (Def. Reply Br. at 6).

The Court finds that Option One has the better of the argument.  In New Jersey, claims for "predatory lending" are tied to some underlying statute or provision that reflects the conduct charged.  *See, e.g.*, N.J. Admin. Code § 3:30-1.1 (2012) ("The purpose of this chapter [entitled "Predatory Lending"] is to implement the New Jersey Home Ownership Security Act of 2002); *Gutierrez v. TD Bank*, No. 11-5533, 2012 U.S. Dist. LEXIS 10724, at *38 (D.N.J. Jan. 27, 2012) (construing a claim for predatory lending as interchangeable with claims under the Truth in Lending Act and NJCFA); *Lawrence v. Emigrant Mortg. Co.*, No. 11-3569, 2011 U.S. Dist.

LEXIS 47020, at *51 (D.N.J. Mar. 30, 2012) (construing a claim for predatory lending as an allegation of common law fraud); *Cleveland v. O'Brien*, No. 10-3169, 2010 U.S. Dist. LEXIS 120220, at *35 (D.N.J. Nov. 12, 2010) (inferring that a claim under the "NJ Predatory Lending Statute" is actually claim under the NJHOSA). Plaintiffs attempt to assert a "'colorable claim' of predatory lending" based upon *Associates Home Equity Services v. Troup*, 778 A.2d 529 (N.J. Super. Ct. App. Div. 2001). (Pl. Opp. Br. at 13-14). In that case, however, the Court interpreted the predatory lending claim as cumulative of a variety of other statutory claims, not as an independent cause of action. *See Assocs. Home Equity Servs.*, 778 A.2d at 536. Based upon the allegations contained in Plaintiffs' Complaint, the Court cannot discern whether this claim uses predatory lending to raise additional claims, or merely offers redundancies of claims alleged elsewhere in the Complaint. For that reason, the Court will dismiss this Count without prejudice and allow the Plaintiffs to cure the deficiency in an amended pleading.

## V.    Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion as to all counts. The Court dismisses all counts without prejudice and grants Plaintiffs leave to file an amended complaint—consistent with this Opinion—within 30 days. An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
